**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States District Court
Southern District of Texas
FILED

JUL  9 2014

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| LENAISE MEYEIL WILLIAMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| DERRIL PATRICK VALLERY SR. | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**ORIGINAL COMPLAINT**

PLAINTIFF LENAISE MEYEIL WILLIAMS brings this complaint for Copyright Infringement, Preliminary Injunction, Permanent Injunction, an Accounting, and Declaratory Relief, and actions under state law for equitable relief, misappropriation of right of publicity, conversion, and fraud, and alleges as follows:

**PARTIES**

1.    PLAINTIFF LENAISE MEYEIL WILLIAMS ("Williams") is an individual who resides, and at all times herein did reside, in Houston, Harris County, Texas.

2.    On information and belief, DEFENDANT DERRIL PATRICK VALLERY SR. ("Vallery") is an individual who resides, and at all times herein mentioned did reside, in Houston, Harris County, Texas.

**JURISDICTION AND VENUE**

3.    This action is brought under the Copyright Act of the United States, 17 U.S.C. §§ 501 et. seq. and under the laws of the State of Texas, and these state law claims are substantial and related to the claims arising under Federal law.

4.      This action is brought and subject matter jurisdiction lies within this court pursuant to 28 U.S.C. §§ 1331 and 1338. This court has Federal question jurisdiction over this matter because Plaintiff seeks damages against the Defendant, under The United States Copyright Act of 1976, 17 U.S.C. §§ 501 et. seq., and principles of pendent, supplemental and/or ancillary jurisdiction.

5.      Venue in this action is proper in this District because Defendant is physically located in Harris County, Texas and because the facts and circumstances giving rise to this cause of action took place in Harris County, Texas.

## STATEMENT OF FACTS

6.      Plaintiff is an author and publisher of urban literature including the novel, *Vendetta: Diary of A Kingpin's Daughter* (hereinafter referred to as "Vendetta").

7.      Defendant is a freelance photographer in Houston Texas doing business as, In A Flash Photography.

8.      On or about March 20, 2006 Plaintiff retained the services of Defendant to take photographs of her for the cover of Vendetta.

9.      Upon payment by Plaintiff it was agreed that Defendant would perform the requested service on a work for hire (WFH) basis, that he would retain no interest in the photographs taken by him, and that he would deliver to Plaintiff all copies and negatives, including any and all digital or electronic copies (hereinafter these photographs will be referred to as the "WFH Photographs").

10.     Plaintiff subsequently retained the services of another photographer, Doss Tidwell using the same wardrobe and unique creative concept to take additional cover photos for Vendetta (Herein after these photographs will be referred to as the "WFH Photographs II").

11.     After comparing the WFH Photographs to the WFH Photographs II Plaintiff decided on a photograph selected from the WFH Photographs II (hereinafter referred to as the "Vendetta Cover Photograph").

12.     On or about April 30, 2008 Plaintiff copyrighted Vendetta including the Vendetta Cover Photograph

by filing a Literary Copyright form dated April 30, 2008, and duly filing it with the United States Copyright Office as of that date.

13.     On or about August 27, 2013 Plaintiff received information that Defendant was using the WFH Photographs along with Plaintiff's name to promote and advertise his freelance photography business on YouTube, BlackPlanet and other online locations.

14.     At this time Plaintiff retained present council to protect her interests in Vendetta, the Vendetta Cover Photograph and the WFH Photographs.

15.     Present counsel immediately forwarded a cease and desist order to the last known address for Defendant.

16.     Present counsel also filed an infringement complaint with YouTube and BlackPlanet who in turn removed the WFH Photographs from their servers.

17.     On or about June 2, 2014 Plaintiff received information that Defendant had again posted the WFH Photographs on YouTube and BlackPlanet.

18.     Again Plaintiff retained present counsel who provided another cease and desist notice to Defendant.

19.     Another infringement claim was also filed with YouTube and BlackPlanet who again removed the WFH Photographs from their servers.

20.     Defendant has not obtained explicit permission from Plaintiff to use her name or likeness in any advertisement or promotion for his freelance photography business.

21.     The similarities of the WFH Photograph to the Vendetta Cover Photograph are substantial and striking; these similarities include identical wardrobe, strikingly similar background, strikingly similar color scheme, strikingly similar poses, strikingly similar lighting, and use of the same model.

22.     Defendant had a direct financial interest in the infringement of the Vendetta Cover Photograph and actively participated in the infringement. Defendant has been unjustly enriched and has financially benefited

form his unauthorized and unlawful use of the WFH Photographs, without Plaintiff's permission.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

23.    Plaintiff adopts and incorporates paragraphs 6 through 22 above.

24.    Plaintiff is the owner of Vendetta and all associated photographs and artwork.

25.    Sometime after the Plaintiff's copyright filing on April 30, 2008 of Vendetta, Defendant intentionally undertook to infringe, did infringe, and continues to infringe, upon the copyright held by the Plaintiff for Vendetta by posting online the WFH Photographs that are substantially similar to the Vendetta Cover Photograph owned by Plaintiff, without obtaining the Plaintiff's permission.

26.    Sometime after the Plaintiff's copyright filing of Vendetta on April 30, 2008, Defendant infringed, and continues to infringe, upon the copyright held by the Plaintiff by using the WFH Photographs to commercially market his freelance photography business and by publishing and rebublishing the WFH Photographs that infringe upon the Vendetta copyright.

27.    Defendant's infringing acts were and are willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyright.  At a minimum, Defendant acted, and continues to act, in reckless disregard of Plaintiff's copyright.

28.    Accordingly, Defendant is liable to Plaintiff for willful copyright infringement under 17 U.S.C §501. Plaintiff suffered, and will continue to suffer, substantial damages and losses in an amount not yet ascertained, but which will be determined according to proof.  In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendant from his wrongful acts, pursuant to 17 U.S.C. §504.  In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c).  These statutory damages should be enhanced by 17 U.S.C. §504(c)(2) because of Defendant's willful copyright infringement.

## SECOND CLAIM FOR RELIEF
## CONSTRUCTIVE TRUST

29.     Plaintiff adopts and incorporates paragraphs 6 through 22 above.

30.     By virtue of his wrongful conduct, Defendant illegally received money and profits that rightfully belonged to Plaintiff. Defendant is therefore a constructive trustee, holding the gross receipts from his sales and revenues to the extent attributable to each infringement of the Plaintiff's copyright. Plaintiff is entitled to the remedy of a constructive trust in view of Defendant's wrongful infringement of the Plaintiff's copyright in the Vendetta Cover Photograph.

## THIRD CLAIM FOR RELIEF
## INJUNCTION

31.     Plaintiff adopts and incorporates paragraphs 6 through 22 above.

32.     Despite Plaintiff's demand that Defendant cease his infringement of Plaintiff's copyright, Defendant has refused to do so. Plaintiff is informed and believes, and upon that basis, alleges, that Defendant has continued, and threatens to continue infringing Plaintiff's copyright.

33.     Defendant, his agents and servants should be enjoined during the pendency of this action, and permanently, from infringing the copyright of Plaintiff in any manner and from selling, publishing, marketing or otherwise using any copies of the WFH Photographs, attached as Exhibit 1 to this Complaint, including any and all digital or electronic copies of these images, and from publishing or using same on any Internet website or electronic URL.

34.     Defendant, his agents and servants should be enjoined during the pendency of this action, and permanently, from infringing the copyright of Plaintiff in any manner and from selling, publishing, marketing or otherwise using any copies of the Vendetta Cover Photograph, attached as Exhibit 2 to this Complaint, including any and all digital or electronic copies of this image, and from publishing or using same on any Internet website or electronic URL.

## FOURTH CLAIM FOR RELIEF
## AN ACCOUNTING

35.     Plaintiff adopts and incorporates paragraphs 6 through 22 above.

36.     The full extent of Defendant's infringement is not known to Plaintiff and cannot be ascertained by Plaintiff without an accounting.

37.     Defendant should be required to account for (a) all gains, profits and advantages derived by the use of the WFH Photographs and/or any image that infringes upon the copyrighted Vendetta Cover Photograph; and (b) all gains, profits and advantages derived by Defendant by his infringement of Plaintiff's copyright.

## FIFTH CLAIM FOR RELIEF
## IMPLIED CONTRACT

38.     Plaintiff adopts and incorporates paragraphs 6 through 22 above.

39.     The actions of Defendant implied a contract with Plaintiff because the parties had negotiated the material terms of the agreement, Plaintiff tendered acceptance by paying for the WFH Photographs that Defendant subsequently used for marketing his freelance photography business without permission from the Plaintiff.  To deny that a contract existed under these circumstances would be unfair and would result in unjust enrichment to the Defendant.

40.     Therefore, Plaintiff brings this action in state law for breach of implied contract, and in the alternative, for recovery in quantum meruit against Defendant for his unjust enrichment.

## SIXTH CLAIM FOR RELIEF
## INVASION OF PRIVACY
## MISAPPROPRIATION
## RIGHT of PUBLICITY

41.     Plaintiff adopts and incorporates paragraphs 6 through 22 above.

42.     Plaintiff has enjoyed and continues to enjoy success in the literary and entertainment industry. Plaintiff has become known to the public and has attained an exploitable commercial value in her name,

photographs, and likeness.  Plaintiff is the exclusive owner of these rights.

43.     Defendant's use of the name, photographs, likenesses and other indicia of the Plaintiff has exploited the Plaintiff's commercial value without authorization and has violated Plaintiff's lawful right to exploit her name, photographs, and likeness.  Defendant's use of the name, photographs, likeness and other indicia of the Plaintiff is not in an incidental manner or for a newsworthy purpose.  Defendant's unauthorized exploitation of the Plaintiff's name, images, and likenesses has damaged Plaintiff.

44.     Therefore, Plaintiff brings this action in state law for misappropriation of the Plaintiff's right of publicity, and in the alternative, for recovery in quantum meruit, against the Defendant for his unjust enrichment.

## SEVENTH CLAIM FOR RELIEF
## CONVERSION

45.     Plaintiff adopts and incorporates paragraphs 6 through 22 above.

46.     Plaintiff owned the rights to the WFH Photographs as her personal property and has been injured, and continues to be injured, by the Defendant's unauthorized, wrongful and illegal use and replication of the WFH Photographs.  Defendant should be liable for conversion of Plaintiff's WFH Photographs.

47.     Plaintiff owned the rights to the Vendetta cover photograph as her personal property and has been injured, and continues to be injured, by the Defendant's unauthorized, wrongful and illegal use and replication of the Vendetta Cover Photograph, layout, design, and concept. Defendant should be held liable for conversion of the Vendetta Cover Photograph.

48.     Therefore, Plaintiff brings this action in state law for conversion, and in the alternative, for recovery in quantum meruit against the Defendant for his unjust enrichment.

## EIGHTH CLAIM FOR RELIEF
## FRAUD

49.     Plaintiff adopts and incorporates paragraphs 6 through 22 above.

50.    Defendant made representations to Plaintiff that induced her to retain his services and pose for the WFH Photographs that Defendant knew or believed he could use to market his freelance photography business.   These representations were false, material, known by Defendant to be false or were made recklessly without knowledge of the truth, and were made with the intent that Plaintiff rely and act upon them, in order to induce Plaintiff to retain his services and pose for the WFH Photographs.   Plaintiff relied on Defendant's misrepresentations, which caused Plaintiff injury.   Therefore, Defendant is liable to Plaintiff for fraud and fraudulent inducement in his representations to Plaintiff.

51.    Therefore, Plaintiff brings this action in state law for fraud and fraudulent inducement.

### NINTH CLAIM FOR RELIEF
### DECLARATORY JUDGMENT

52.    Plaintiff adopts and incorporates paragraphs 6 through 22 above.

53.    An actual controversy has arisen between Plaintiff and Defendant.   Plaintiff desires a judicial determination that: (1) Plaintiff owns all rights, title and interest in the image, design, concept and layout in the WFH Photographs;   (2) That Defendant willfully infringed Plaintiff's Vendetta copyright when he published the substantially similar WFH Photographs online to advertise his freelance photography business; (3) that Defendant has no present or future rights to sell, distribute, exploit, display, publish or possess the WFH Photographs.

### TENTH CLAIM FOR RELIEF
### ATTORNEYS FEES AND COSTS

54.    Plaintiff adopts and incorporates paragraphs 6 through 22 above.

55.    Due to the unlawful actions by Defendant, it has become necessary for Plaintiff to retain the services of the undersigned Texas attorney to prosecute her claims.   Plaintiff is entitled to payment of her reasonable attorney's fees from Defendant.

## WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:

56.     that Defendant willfully infringed Plaintiff's rights to the Vendetta Cover Photograph under the Copyright laws of the United States;

57.     that Defendant be required to pay Plaintiff such damages that she has sustained in consequence of Defendant's infringement of her copyright, and to account for (a) all gains, profits and advantages derived by Defendant's use of the WFH Photographs (b) all gains, profits and advantages derived by Defendant by his infringement on the Plaintiff's copyright or such damages as the Court shall determine proper within the provisions of the copyright statutes but not less than $150,000.00.  When Plaintiff ascertains the exact amount of damages, which can currently be known only to Defendant, Plaintiff will seek leave of Court to amend this complaint to set forth the amount;

58.     in the alternative, if Plaintiff so elects, Plaintiff prays for judgment under 17 U.S.C. §504(c) of an award of statutory damages against Defendant;

59.     that Defendant be required to deliver up all copies of the WFH Photographs under his control and deliver up for destruction all infringing copies and negatives, including any and all digital or electronic copies of this image;

60.     that Defendant, his agents and servants be enjoined during the pendency of this action, and permanently, from infringing the copyright of Plaintiff in any manner and from selling, publishing, marketing or otherwise using any copies of the infringing WFH Photographs, including any and all digital or electronic copies of this image;

61.     that Defendant be found liable for breach of implied contract and be made to pay Plaintiff for all damages caused by this breach;

62.     that Defendant be found liable for misappropriation of the Plaintiff's right of publicity and be made to pay Plaintiff for all damages caused by same;

63.     that Defendant be found liable for conversion and be made to pay Plaintiff for all damages caused by same;

64.     that Defendant be found liable for fraud and/or fraudulent inducement and be made to pay Plaintiff for all damages caused by same;

65.     that Plaintiff is entitled to recover damages in quantum meruit from Defendant because Defendant has unjustly benefited from the WFH Photographs;

66.     that Plaintiff is entitled to recover damages for unjust enrichment to the Defendant;

67.     that Plaintiff is entitled to payment of her reasonable attorneys fees from Defendant;

68.     that Plaintiff be awarded punitive and exemplary damages against Defendant, according to proof;

69.     for prejudgment and post-judgment interest, and all costs of court;

70.     PLAINTIFF LENAISE MEYEIL WILLIAMS further prays that, on final trial, the Court award to Plaintiff all elements of damages set forth herein against Defendant, for Plaintiff's damages, attorneys fees, interest, court costs, and to enjoin Defendant from further use of Plaintiff's image, that this matter go hence without delay, and for such other and further relief, both special and general, at law and in equity, to which the Plaintiff may show Herself to be justly entitled.

## JURY DEMAND

Plaintiff respectfully requests that when this case proceeds to trial, it be placed on the Court's jury trial docket.

Respectfully submitted,

THE CLARK FIRM, L.L.P.

Rashan Clark
State Bar No. 24055314
P.O. Box 53663
Houston, Texas 77052
Telephone: (713) 366-9814
Facsimile: (817) 260-1161

ATTORNEY FOR PLAINTIFF